**HERITAGE HOMES of ATTLEBORO**
vs.
**THE SEEKONK WATER DISTRICT**

Civ. A. No. 77-1251-C

United States District Court
D. Massachusetts

November 17, 1980

Michael J. Duggan, Stephen D. Clapp for the plaintiff.
William E. Hicker for the defendant.

## MEMORANDUM

CAFFREY, Ch. J. On November 6, 1980 the Court of Appeals for the First Circuit filed a memorandum and order pertaining to the above-captioned case in which the Court of Appeals stated: "We would be aided by a statement by the District Court of its reasons for denying a stay, focusing particularly on appellants' second contention (that the water district presently lacks statutory authority to incorporate appellee's land into the district now that appellee has sold land abutting the district)."

In denying the motion for a stay this Court was of the opinion that appellant's first contention, i.e., that there is a discrepancy between this Court's order and memorandum dated September 3, 1980 with respect to compliance with zoning laws, and appellant's second contention, summarized above, are both totally lacking in legal merit and factual foundation. This Court believes that both contentions are made for purposes of delay and that the water district is acting in bad faith in making them. In so characterizing appellant's contentions this Court notes that its order makes no reference whatsoever to zoning or to compliance by appellee

72

with zoning laws; consequently there is no basis in fact or law for appellant's first contention.

With regard to the second contention regarding the effect of the sale of some land, this Court has in mind the fact that appellee continues to own a substantial amount of land which still abuts the water district, as is more particularly detailed in the memorandum filed November 12, 1980 by counsel for plaintiff. Given these facts this Court is of the opinion that the water district's contentions regarding the need for additional legislation are totally devoid of merit.

Finally, in denying the stay this Court is of the opinion that the appellant's chance of success on the merits on appeal are minimal at best in the light of this Court's finding contained in its September 30, 1980 memorandum that:

"I find based on **overwhelming** evidence that the water district's refusal to include plaintiff's land within its boundaries was motivated solely by racial considerations. In making this finding I am particularly mindful that in the thirty-two year history of the district no other applicant ever has been refused admission and that all the factors usually considered important in making such a determination favored a decision opposite to the one reached by the water district."

So ordered.
Andrew A. Caffrey, Ch. J.